SCANNED

ORIGINAL

FILED 2017 AUG 30 PM 12:27

Gerald Carey Garwood
Plaintiff,
77644 Missouri Drive
Palm Desert, California
[92211]
760-341-7941
email: geraldgarwood@msn.com
no fax

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE CENTRAL DISTRICT OF CALIFORNIA

Case No.:

Gerald Carey Garwood
PRIVATE ATTORNEY
GENERAL
Plaintiff,
77644 Missouri Drive
Palm Desert, California
92211

ED CV17-01759 DOC (JDE)

v.

Trial by Jury
Demanded

STANLEY SNIFF, Jr. in his Official and
Private Capacity, RIVERSIDE COUNTY
AKA COUNTY OF RIVERSIDE, Keith
Grueneberg in his official and private
capacity, and Rich Fevinger in
his official and private capacity and
DOES 1-15, Inclusive

Defendants

/

**PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF PURSUANT**

**TO Title 28 US Code, Section 2201 and 2202 and Title 42 Section 1983 CIVIL**

**ACTION FOR DEPRIVATION OF RIGHTS UNDER COLOR OF AUTHORITY**

**Pursuant to Public Law at 42 Stat 13-15 as Original Intent of Congress**

**prima facie code title 42, United States Code (U.S.C.) section 1983, 1985 and**

Claim For Damages Page 1

FEE PAID

**1986**

1. 42 Stat 13-15 states as follows: "<u>Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State</u> or Territory or the District of Columbia, <u>subjects, or causes to be subjected, any citizen</u> of the United States or other person within the jurisdiction thereof <u>to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress</u>, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia".

2. Section 1983 applies because the principal Defendant, STANLEY SNIFF has been assigned the task of serving me, by and through his Sheriff's Deputies, with an eviction notice in their official and private capacities as state actors and are employing the use of state law, primarily Section 1161a of the California Code of Civil Procedure, to engage in overt acts that are actively promoting and advancing fraud. **This event, the service of an eviction notice and writ of possession is about to occur in the wake of a court order issued in an Unlawful Detainer Case filed on August 23RD, 2017.** I do not ask for monetary damages if and only if the Defendants, are not going to force me out of my home until the pending civil action currently pending in the Superior Court against FEDERAL NATIONAL MORTGAGE ASSOCIATION, and a number of other Defendants and their attorneys is finally heard and taken to trial, or if the case is

Claim For Damages Page 2

Case 5:17-cv-01759-DOC-JDE  Document 1  Filed 08/30/17  Page 3 of 61  Page ID #:3

dismissed, and then the appeal is heard and finally decided. Jurisdiction of this court is also under Title 42, Section 1983, 1985, and 1986 and the Fair Debt Collection Practices Act.

3. **Issues and Statement of the Case: Defendants STANLEY SNIFF and his staff know or should have known the law and know or should have known the legal requirements for banks who are foreclosing on people's homes and know or should have known that there are robo-signers and know or should have known that the San Francisco County Recorder issued a report in which he stated that the banks have turned the county recorder's office into a crime scene and that the lenders and their loan servicers and trustees are violating the law 84 percent of the time when they foreclose, and know or should have known that the elected Sheriff in Detroit and Chicago at various times have refused to enforce evictions resulting from foreclosure in their respective counties. The Defendants either know or should have known that the courts have allowed the banks and lenders and their agents to foreclose on people's homes without any admissible evidence that they are the note holders in violation of numerous sections of Uniform Commercial Code, including but not limited to UCC 3-501 and in violation of the Ninth Circuit rulings in Matter of Staff Mortg & Inv. Co. 550 F 2d 1228 (1977) and In RE Veal, 450 B.R. 897 (Ninth Cir. BAP, 2011).**

4. Defendants Clients, FEDERAL NATIONAL MORTGAGE ASSOCIATION and Claimants participated in contract and commercial activity in respect to a Negotiable Instrument Note, which is attached to a bond, which is expressly governed by Federal law and the Uniform Commercial Code which are uniform statutory laws of all of the United

Claim For Damages Page 3

States of America including the District of Columbia and all fifty states.

5. Plaintiff makes the claim that the instrument/obligation became void when the Defendants participated in fraudulent and illegal activity, violating the rules and the laws under which the note/instrument bond is expressly governed and also violated their duty as officers sworn statutorily to act within the parameters of Uniform Commercial Code, the National Bank Act and other applicable statutes. **The Plaintiffs do not ask for monetary damages unless the Defendants file an answer or a motion of any kind and if and only if the Defendants and any and all Sheriffs Deputies refrain from evicting the Plaintiff from his home until this case is settled and finally decided and if the case is dismissed by the District Court, that the Appeal to the Ninth Circuit is finally decided and until the two-other civil case related to this eviction are settled and all appeals are finally decided.** If, however, the Defendants file an answer and continue with the eviction in violation of state and federal law, the Plaintiffs want damages as describes herein.

6. The Defendants is about to serve a fresh eviction notice, without compliance with the warrant clause Fourth Amendment, and said eviction notice and writ of execution does not meet the warrant clause requirements of the Fourth Amendment for the Following reasons: **THE SIGNER OF THE WRIT OF EXECUTION DID NOT ATTACH AN AFFIDAVIT SUPPORTED BY OATH, SIGNED BY A WITNESS, WITH FIRST HAND KNOWLEDGE OF THE FACTS SUPORTING THE EVICTION, SEE EXHIBIT A. THERE IS NO WITNESS WITH FIRST HAND KNOWLEDGE OF ANY OF THE DETAILS OF THE LOAN, THE CHAIN OF**

Claim For Damages Page 4

TITLE OF THE NOTE AND DEED OF TRUST. THE SIGNER OF SUCH AN AFFIDAVIT WOULD HAVE TO POSSESS A FIRST-HAND WORKING KNOWLEDGE OF THE ACCOUNTING RECORDS AND ACCOUNT AND GENERAL LEDGER STATEMENTS OF THE ALLEGED CREDITOR OR THE ACTUAL CREDITOR. THERE WOULD HAVE TO BE  FOUNDATION FOR THIS AS EVIDENCE IN A COURT OF LAW, see Remington Investments, Inc.,  v. Hamedani, 55 Cal.App.4th 1033 (1997). Two Connecticut cases also place this absolute requirement on the creditor that they produce the account and general ledger statement with a competent fact witness as follows: Fooks v. Norwich Housing Authority; 28 Conn.L. Rptr. 371, (Conn. Super.2000), and Town of Brookfield v. Candlewood Shores Estates, Inc.; 513 A.2d 1218, 201 (1986). See also Solon v. Godbole;163 Ill. App. 3d 845, 114 Il.

7. In California the California Court of Appeals has issued a similar ruling in Remington Investments, Inc., v. Hamedani, 55 Cal.App.4th 1033 (1997). THE SIGNER OF ANY ALLEGED AFFIDAVIT MUST BE A COMPETENT WITNESS AND CANNOT TESTIFY AS TO FACTS FOR WHICH SAID SIGNER HAS NO WORKING KNOWLEDGE. ALSO THE PERSON ADMINISTERING THE OATH MUST BE QUALIFIED TO ADMINISTER OATHS UNDER CALIFORNIA LAW. AS A RESULT OF THE FOREGOING, THE COURT ORDER IS NOT SUPPORTED BY OATH OR AFFIRMATION WITHIN THE MEANING OF THE FOURTH AMENDMENT.

*Applicable Laws and Statutes*

8. **Pursuant to Public Law at 42 Stat 13-15 as Original Intent of Congress, title 42, United States Code (U.S.C.) section 1983, "Chapter XXII- an Act to enforce the Provisions of the Fourteenth Amendment to the Constitution of the United States, and for Other purposes" Civil Rights Protections.**

_62 Stat 932, title 28, U.S.C. section 1343, (positive law) Civil Rights Violations

_62 Stat 934, title 28, U.S.C. section 1352, (positive law) **Bonds Executed under Federal Law**

## Short Plain Statement of the Claim

9. I am about to suffer a financial loss and damages from tortuous actions taken by the Defendants and people working for the agencies of government named in this matter and I would like to obtain relief. A foreclosure/ unlawful Detainer case was filed against me for the subject property at 77644 Missouri Drive, Palm Desert, California. The Superior Court in Riverside County issued a final decision and writ of possession, which was not supported by oath or affirmation in this matter and said Writ of Possession was served on October 18, 2012. A civil case was filed by me against the alleged creditor, FEDERAL NATIONAL MORTGAGE ASSOCIATION, in Superior court, which has not been finally settled or decided. I will be filing an appeal to the Court of Appeal if the case is dismissed, based upon the Ninth Circuit case known as Matter of Staff Mortgage & Inv. Co. 550 F. 2d 1228(Ninth Cir, 1977), and In Re Veal, 450 B.R. 897, (Ninth Cir BAP, 2011) neither of which has been overturned and other legal issues raised and La Jolla Group II v. Bruce, 211 Cal App 4th 461 (2012).

10. **The dates of the occurrences that gave rise to the Tort Claim are as follows:**

(A.) **VIOLATION OF THE FOURTH AMENDMENT**. The Sheriff, known as STANLEY SNIFF and people working under him will be serving a court document purportedly giving them authority to seize my property without compliance with the Warrant Clause of the Fourth Amendment. As the Defendants already know or should have known, the warrant clause of the Fourth Amendment to the US Constitution and the warrant clause of the Fourth Amendment to the Constitution For United States of America states as follows: "No Warrant shall issue, but upon probable cause, supported by Oath or affirmation and particularly describing the persons or things to be seized." The Writ of Execution, which is a warrant, within the meaning of the Fourth Amendment was not supported by oath or affirmation. The phrase "things to be seized" includes a house or dwelling place.

11. As the Defendants know or should have known, a seizure of land and a home in a foreclosure is a seizure of things within the meaning of the Fourth Amendment of the US Constitution and the Fourth Amendment to the Constitution for the United States of America. There is no affidavit or declaration signed under oath and the alleged eviction document is not signed under oath as required under the Fourth Amendment. In 1992 the United States Supreme Court issued a ruling in Soldal v. Cook County, Illinois, et al, 113 S. Ct. 538, (1992); 121 L. Ed 450, that the seizure of a mobile home, which was physically torn from its foundation and removed from a mobile home park while a Sheriff's Deputy stood by and refused to accept a citizens complaint for trespass was a violation of the Fourth Amendment.

12. The document used to compel me to vacate the subject property, see **Exhibit A**, was not signed under oath, nor was it supported by oath or affirmation, as required by

Claim For Damages Page 7

the Fourth Amendment to the Constitution for the United States of America, see Ex Parte Burford, 7 U.S. 448, (1806). There was no affidavit signed under oath or affirmation supporting the court order. In Ex Parte Burford, supra, the US Supreme Court made it clear that the Fourth Amendment makes it unlawful to seize persons or property without a warrant supported by oath or affirmation. See also Kalina v. Fletcher, 522 U.S. 118, (1997); *Groh* v. *Ramirez,* 124 S. Ct. 1284 (2004), in which the Supreme Court recently affirmed that every warrant must meet the requirements of the Warrant Clause, and be based upon probable cause, supported by oath or affirmation. *Id.* at 1289-90; *see also Albrecht* v. *United States,* 273 U.S. 1, 4-6 (1927) (holding an arrest warrant invalid because it was issued based upon affidavits which had been sworn to before an official "not authorized to administer oaths in federal criminal proceedings"). Thus, where a warrant is issued unsupported by oath or affirmation, it is invalid under the Fourth Amendment. *See United States* v. *Rabe,* 848 F.2d 994, 997 (9th Cir. 1988) (explaining that Warrant Clause "requires the government to establish by sworn evidence presented to a magistrate that probable cause exists to believe that an offense has been committed"). In addition, the eviction document was not supported by oath or affirmation by any other document, such as an affidavit, therefore the eviction notice and writ of execution did not meet the requirements under the Fourth Amendment to be supported by oath or affirmation as discussed above.

13. In Kalina v. Fletcher, supra, the US Supreme Court stated the Fourth Amendment requirements as follows: "The Fourth Amendment requires that arrest warrants be based "upon probable cause, supported by Oath or affirmation" -- a requirement that may be satisfied by an indictment returned by a grand jury, but not by

Claim For Damages Page 8

the mere filing of criminal charges in an unsworn information signed by the prosecutor. Gerstein v. Pugh, 420 U.S. 103, 117, 43 L. Ed. 2d 54, 95 S. Ct. 854 (1975); see also Coolidge v. New Hampshire, 403 U.S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022 (1971)."

14. At issue is whether the eviction notice and writ of possession, which functions as a warrant in this matter, and which was based on unsworn facts, meets the requirements under the warrant clause of the Fourth Amendment to the Constitution For The United States of America, and the Fourth Amendment to the U.S. Constitution. Based upon the foregoing citations of law the Fourth Amendment requirements for a sworn civil complaint and eviction signed under oath discussed these Fourth Amendment requirements have not been met.

### (B.) Due Process Violation.

15. As the Defendants either knew or should have known, there is a pending civil case filed in Superior Court against the alleged creditor and alleged note holder for the Mortgage on the subject property at 77644 Missouri Drive, Palm Desert, California. The civil case is an action to quiet title, which was never before litigated in the Superior Court in Riverside County. We are the Plaintiffs in said civil action. The case will be appealed if necessary. I have a right to my day in court, see Lynch v Household Finance, 405 US 538 (1972), which states;

"Such difficulties indicate that the dichotomy between personal liberties and property rights is a false one. The right to enjoy property without unlawful deprivation, no less than the right to speak or the right to travel, is in truth a "personal" right whether

Claim For Damages Page 9

the "property" in question be a welfare check, a home, or a savings account. In fact a fundamental interdependence exists between the personal right to liberty and the personal right in property. Neither could have meaning without the other. That rights in property are basic civil rights has long been recognized. J. Locke Of Civil Government 82-85(1924); J. Adams A Defense of the Constitutions of Government of the United States of America, in F. Coker Democracy, Liberty and Property 121-132 (1942); 1 W. Blackstone, Commentaries 138-140."

16. As the Defendants know or should have known from the widespread publicity about Robo-signer's, from the 60 Minutes Segment on Linda Green and flawed securitizations, and the Ibanez case that went before the Massachusetts Supreme Court there has been extensive fraud perpetrated by the banks. There is a Robo signer in this case, via a flawed and defective signature by a bank employee. Most decent attorneys would have waited until this matter is litigated in federal court before requesting this eviction. Unfortunately, this attorney firm is the very worst kind of law firm, the kind that is aggressive and mean spirited and charges ahead regardless of weather or not there is a pending lawsuit. This case will be appealed to the Ninth Circuit if necessary, so that there is no possibility that the case will be settled in the lower court if an adverse ruling is issued by the Judge. The elected Sheriff, STANLEY SNIFF does not live under a rock and certainly knows that there are many elected Sheriffs nationwide, that refuse to evict people from their homes because they are aware that the banks do not have possession of the note most of the time and because they know that the banks have flawed and defective paperwork, which has caused the San Francisco County Recorder to refer to the County Recorder's Office as a crime scene.

Claim For Damages Page 10

17. I am relying upon several decisions issued by the Ninth Circuit Court of Appeals, in which they state that the alleged creditor must have possession of the note in order to foreclose, Matter of Staff Mortg. & Inv. Co., supra. The Defendants in the civil case filed against FEDERAL NATIONAL MORTGAGE ASSOCIATION do not have the note in their possession and will not be able to produce the note in order to establish their standing to enforce the note, see Matter of Staff Mortg. & Inv. Co., supra, In RE Veal, Supra. It is very unlikely that the Ninth Circuit Court of Appeals will be reversing their prior decision, since the Sections of the UCC that they are relying on have not changed substantially since the above Ninth Circuit decisions were handed down. Please see UCC 3-501, in particular the requirement of the alleged creditor to exhibit the instrument when requested, and the provision that allows the Debtor to refuse to pay the debt when the request is not complied with.

18. **Tortious Acts are about to be Taken by Sheriffs Deputies under the command of Sheriff Stanley Sniff**. The description of Tortious Acts taken by Public Officials working for the County Sheriff and acting beyond the scope of their authority, and outside of the bounds of all reason are summarized as follows:

(A.) **Failure to Honor or Uphold the Fourth Amendment.** The public official, Sheriff STANLEY SNIFF, involved in this matter failed and refused to comply with the Warrant clause described above, and the supervisory staff which supervise or oversee STANLEY SNIFF's Sheriff's Deputies activities failed to adequately supervise Sheriffs Deputies under STANLEY SNIFF's command and failed to exercise police powers as required under state and federal law by failing to protect our Fourth Amendment rights at 77644 Missouri Drive, Palm Desert, California. Such failures and malfeasance in office caused

Claim For Damages Page 11

emotional distress to me and if this is done in the future it could create similar violations of my rights. This can lead to dire consequences.

**(B.) Failure to Honor and Uphold my Fourteenth Amendment rights to due Process of Law.** I am being denied my right to my day in court and the safe essential use of my land and home, as a place to live, during the period of time in which the pending lawsuit against FEDERAL NATIONAL MORTGAGE ASSOCIATION is being heard and while any appeals are pending.

19. **The Amount of the Claim.** I ask for $75,000.00 in Silver one ounce coins minted by the US Treasury for the loss of my home and $25,000.00 for intentional infliction of emotional distress. The Amount of the Tort Claim is in excess of $10,000.00.

20. **Redress of Grievances.** I seek redress of grievances under the First Amendment to the US Constitution. I seek redress of grievances in Federal Court under The First Amendment to the US Constitution, and Title 42, US Code, Sections 1983, 1985 and 1986. Sheriff's Department Officials have acted with full knowledge and intent, deliberately and with malice. Public Officials, while acting outside of their authority, either knew or should have known that what public officials were doing, in failing to properly control and regulate their agents in the actions taken and described above violates state law, and the Fourth Amendment.

21. Several of the recorded documents that are designed to give the Defendant's client, FEDERAL NATIONAL MORTGAGE ASSOCIATION, the power to enforce the note and mortgage and these documents are fraudulent or defective or both. One of the

Claim For Damages Page 12

most astonishing examples of this is the assignment of mortgage, which included forged signatures and a forged notary signature. The note is not indorsed to FEDERAL NATIONAL MORTGAGE ASSOCIATION, and unless it is indorsed to FEDERAL NATIONAL MORTGAGE ASSOCIATION, then they are a stranger to the transaction and have no standing to file an unlawful detainer case in Superior Court.

22. In PRIBUS V. BUSH, 118 Cal.App.3d 1003; 173 Cal. Rptr. 747(1981); the California Court of Appeal, Fourth Appellate District, stated that the note must be indorsed on the note itself instead of a separate piece of paper attached to the note. The Court of Appeals stated:

> The trial court ruled that the Williams' signature on the paper attached to the promissory note did not qualify as an indorsement because there was adequate space for the indorsement on the note itself. We affirm the judgment.

23. As a result of the foregoing ruling in Pribus v. Bush, supra, by the Court of Appeals, FEDERAL NATIONAL MORTGAGE ASSOCIATION is a stranger to the transaction and has no standing to file an unlawful detainer case against me.

24. FEDERAL NATIONAL MORTGAGE ASSOCIATION is clearly not a creditor and is not entitled to receive monthly payments nor are they entitled to enforce the note and deed of trust. Banks have a history of securitizing their notes, since the repeal of the Glass Steagle Act and thus the original lender has securitized this note and neither they nor FEDERAL NATIONAL MORTGAGE ASSOCIATION has standing to foreclose or claim to have a continuing interest in the note, since that was transferred when they sold the note. FEDERAL NATIONAL MORTGAGE ASSOCIATION does not have a documented property interest in the note and they are not entitled to enforce the note as a result.

Claim For Damages Page 13

25. FEDERAL NATIONAL MORTGAGE ASSOCIATION, and their agents and assigns lack standing to foreclose, because they have failed and refused to bring forward the original note with the endorsements on the back of the note, see UCC 3-501. Federal courts have consistently ruled that banks must be in possession of the original note, see Matter of Staff Mortg. & Inv. Co. 550 F. 2d 1228, (CA 9, 1977); Motobecane America, Ltd. v. Patrick Petroleum Co., 791 F.2d 1248, (CA 6, 1986); In re Maryville Sav. & Loan Corp., 743 F.2d 413, CA 6, 1984); In re Holiday Intervals, Inc., 931 F.2d 500, (CA 8, 1991). Other Federal Courts have stated that the mortgage creditor must have an endorsement stamp on the note, endorsing the note over to that creditor, see In Re BARRY WEISBAND, 4: 09-bk-05175 EWH, (US Bankruptcy Court, Arizona, 2009); IN RE: LAVERL H. WILHELM, 08-20577-TLM, (US Bankruptcy Court, Idaho, 2009). The Defendant's client, FEDERAL NATIONAL MORTGAGE ASSOCIATION is not the real-party-in-interest, pursuant to FRCP Section 17(a), without bringing forward the original note and demonstrating that they are in possession of the note, and as a result, do not have standing to claim to be a creditor with the powers of foreclosure.

26. The Second Circuit Court of Appeals issued a ruling in National Union Fire Insurance Co. Of Pittsburgh, Pa. v. Woodhead 917 F.2d 752 (Second Cir, 1990) and stated as follows: "Section 3-201(1) specifically limits the exception to the shelter principle to one who was a *prior holder* with knowledge of the defense. A holder is "a person who is in possession of ... an instrument ... issued or indorsed to him or to his order or to bearer or in blank." N.Y. U.C.C. § 1-201(20) (McKinney Supp.1990). National Union's guaranty of payment on the note and security interest in the underlying

Claim For Damages Page 14

investment did not make it a holder, because it was not in possession of the note before acquiring it from M & T."

27. The Court in IN RE: LAVERL H. WILHELM, supra, stated as follows:

**"Before delving into the specifics of these cases, it is worth reiterating that changes in mortgage practices during the past several years – including, most prominently, the serial assignment of mortgage obligations – have complicated the factual situations to which the standing analysis applicable to stay relief motions must be applied.** See In re Sheridan, 09.1 I.B.C.R. 24, 24, 2009 WL 631355, at *1 (Bankr. D. Idaho 2009). Several bankruptcy courts – including this Court, in In re Sheridan – have been required to issue decisions explaining who does (and who does not) have standing to seek stay relief. See, e.g., In re Jacobson, 402 B.R. 359, 365-67 (Bankr. W.D. Wash. 2009); In re Vargas, 396 B.R. 511, 520-21(Bankr. C.D. Cal. 2008); In re Hwang, 396 B.R. 757, 765-69 (Bankr. C.D. Cal.2008); In re Mitchell, 2009 WL 1044368, at *2-6 (Bankr. D. Nev. Mar. 31, 2009). In In re Sheridan, for example, this Court explained that a stay relief motion **"must be brought by one who has a pecuniary interest in the case and, in** 4 For ease of reference, the cases are listed in alphabetical order."

28. Standing and the real-party-in-interest requirements are related. Standing encompasses both constitutional and prudential elements. See, e.g., Warth v. Seldin, 422 U.S. 490, 498-99 (1975); In re Simplot, 2007 WL 2479664, at *9 (Bankr. D. Idaho. Aug. 28, 2007). To have constitutional standing, the litigant must allege an "injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior; and likely to be redressed by a favorable ruling." Davis v. Fed. Election Comm'n, __U.S. __, 128 S. Ct. 2759, 2768 (2008). Prudential standing includes the idea that the injured party must assert its own claims, rather than another's. See, e.g.,

Claim For Damages Page 15

Warth, 422 U.S. at 499. Thus, the real-party-in-interest doctrine generally falls within the prudential standing doctrine.

29. The Bankruptcy Court in In Re LAVERL H. WILHELM, supra stated: **"To resolve the standing and real-party-in-interest issues presented here, the Court must determine who has the right to enforce the notes. Because bankruptcy law does not provide for enforcement of promissory notes, the Court looks to applicable non-bankruptcy law.** See generally Butner v. United States, 440 U.S. 48, 54-55 (1979) (nature and extent of property interests in bankruptcy are determined by applicable state law)." The court in the above case also concluded that the mortgage creditors in this case did not have standing to bring a motion for relief from stay because they could not bring forward a note with an endorsement stamp, showing that the note was endorsed in their name. The court stated further: **"The "holder" option is not available to Movants; none of the notes is payable to the Movant and none of the notes has been indorsed, either in blank or specifically to a Movant.** See id.; Idaho Code § 28-3-205 (regarding special and blank indorsements)."

30. It is widely known and acknowledged that the banks have been selling virtually all of their notes to mortgage backed securities and the large banks, such as WELLS FARGO BANK, NA sell their notes to their own mortgage backed securities, managed by a division of the bank, so that the note is owned by a pool of investors, and is no longer owned by the bank. These Defendants and their client, FEDERAL NATIONAL MORTGAGE ASSOCIATION are attempting to deprive me of my right to use and ownership of my land and home, in violation of the FAIR DEBT COLLECTION PRACTICES ACT, Title 15 USC, Section 1692c, 1692d, 1692e, 1692f, 1692g,1692i, by foreclosing without standing and without having recorded a valid Assignment of

Claim For Damages Page 16

Mortgage as required under California law, which is an absolute requirement and a prerequisite for taking actions to foreclose and sell the subject property pursuant to California law. In this case, the original lender is obviously not involved and there is an apparent stranger to the transaction attempting to enforce the note and Deed Of Trust, meaning that FEDERAL NATIONAL MORTGAGE ASSOCIATION's agent is also acting on behalf of a client who lacks standing. Also, FEDERAL NATIONAL MORTGAGE ASSOCIATION must have the note in their possession as a prerequisite to exercise powers of enforcement of the note as a creditor, see Matter Of Staff Mortg. & Inv. Co. 550 F 2D 1228, (Ninth Circuit, 1977), and a very recent case, In Re Veal, 450 B.R. 897, (Ninth BAP, 2011).

31. The Defendants client, FEDERAL NATIONAL MORTGAGE ASSOCIATION does not have the authority to foreclose because they have not produced the note when requested and do not have possession of the note and therefore under Uniform Commercial Code Sections 3-205, 3-301, 3-305, 3-309, 1-201(b)(21)(A), 9-304, 9-305 the Defendants client, FEDERAL NATIONAL MORTGAGE ASSOCIATION does not have standing to foreclose and they are not the real-party-in-interest, and have not ratified the commencement of their claim. Uniform Commercial Code Section 3-203 states that the negotiation of the instrument or promissory note is not complete until the instrument (the note in this case) has been indorsed. Subsection (c) states as follows:

"(c) Unless otherwise agreed, if an instrument is transferred for value and the transferee does not become a holder because of lack of indorsement by the transferor, the transferee has a specifically enforceable right to the unqualified indorsement of the transferor, but negotiation of the instrument does not occur until the indorsement is made."

Claim For Damages Page 17

32. The Defendant's clients have, therefore, no right, title or interest in the subject property, and no claim to ownership or a security interest in the subject property, since the note cannot be produced and the note is lost, stolen, destroyed or damaged and no attempt to satisfy the requirements under Uniform Commercial Code Section 3-309 has been made. The Defendants have violated multiple sections of the Fair Debt Collection Practices Act, Title 15 US Code including Sections 1692c, 1692d, 1692e, 1692f, 1692g, 1692i.

33. **The Defendants have failed to take necessary actions that are conditions precedent to foreclosure.** The Defendant does not have standing to foreclose because they have not supplied any material evidence that they are in possession of the note and thus they have violated the hearsay rule, especially Section 602 of the Federal Rules of Evidence. We cited legal authorities making it clear and plain that they must be in possession of the note. We have cited Matter of Staff Mortg. & Inv. Co., 550 F. 2d, 1228 (Ninth Circuit, 1977) in this regard. The Ninth Circuit has affirmed this ruling on seven separate occasions and Matter of Staff Mortg, & Inv. Co., supra has been cited as an authority by the Sixth and Eighth Circuits, and is, therefore, established Ninth Circuit law and the law in several other Judicial Circuits. I can find no authorities to suggest that the lower court decisions that have been cited by some federal judges as authorities, that also contradict the above Ninth Circuit cases and the Second Circuit case cited can supersede and overturn the above Ninth Circuit cases and Second Circuit case. The Fifth Circuit has issued a similar ruling. If the Defendants client, FEDERAL NATIONAL MORTGAGE ASSOCIATION cannot demonstrate that they are the holder of the note, then they are not currently a party to the transaction and then they cannot foreclose and they cannot file an

eviction document against me because of a lack of standing. Rule 17a of the Federal Rules of Civil Procedure requires ratification of commencement by the Claimant, so that the Claimant is required to demonstrate that they are the real-party-in-interest and the actual note holder. I stated facts that are unrebutted and the Defendant's client, FEDERAL NATIONAL MORTGAGE ASSOCIATION is choosing to ignore this. In addition to being in possession of the note, the foreclosing party in a foreclosure has to have a note endorsed in their name to meet the requirements under Uniform Commercial Code. A close scrutiny of the Securities and Exchange Commission website entitled "EDGAR ON LINE" will supply anyone reviewing the website insight into how many separate investment funds that the banks holding companies have established. As a result of the foregoing failure to show that the Defendant's client FEDERAL NATIONAL MORTGAGE ASSOCIATION is in possession of the note with an endorsement as required under Uniform Commercial Code 3-203, 3-204 and 3-205 and show the chain of title of the note, the actions complained of here are a violation of the FAIR DEBT COLLECTION PRACTICES ACT, Title 15 USC, Section 1692c, 1692d, 1692e, 1692f, 1692g,1692i.

34. The servicing agent may have standing if acting as an agent for the holder, assuming that the agent can both show agency status and that the principle is the holder. In re Vargas, 396 B.R. 511 (Bankr. C.D. Cal. 2008) at 520.

…"Only the Holder of the Note is the "Real Party in Interest."….The right to enforce the mortgage on behalf of the note holder does not, however, render the note holder's agent into the real party in interest. "As a general rule, a person who is an attorney-in-fact or an agent solely for the purpose of bringing suit is viewed as a nominal rather than a real

party in interest and will be required to litigate in the name of his principal rather than in his own name." Wright & Miller, 6A Federal Practice & Procedure Civ. 2d § 1553.

35. "Consequently, even if a court finds that a proper agency relationship exists between the holder of a note and the party seeking to enforce its security, this does not excuse the agent from the requirement that an action be prosecuted in the name of the note holder, who is the real party in interest. Fed.R.Civ.P. 17(a) (1)". In re Hwang, 396 B.R. 757 (Bankr. C.D. Cal. Sept. 2008). The alleged note holder has not met the requirements under the Federal Rules of Civil Procedure Rule 17(a) to establish that they are the real party-in-interest, and therefore, has no standing.

**Factual Allegations**

36. The Defendant's client FEDERAL NATIONAL MORTGAGE ASSOCIATION has failed and refused to produce the note with endorsements showing who is in possession of the note and revealing who is the holder-in-due-course of the note. The note must be indorsed to FEDERAL NATIONAL MORTGAGE ASSOCIATION in order for them to be able to enforce the note and deed of trust, see California Commercial Code § 3-110.

37. The Defendant's client FEDERAL NATIONAL MORTGAGE ASSOCIATION is required to produce the note under Uniform Commercial Code Sections 3-501, 3-205, 3-301, 3-305, 3-309, 1-201(b)(21)(A), 9-304, 9-305.

38. The Defendants client has not even produced hearsay evidence that they or their principals or agents are holding the note and have failed to produce any admissible evidence regarding who the note was assigned to, see Federal Rules of Evidence, Section 602.

39. Many banks and other lenders filed a series of reports and official filings with the Securities and Exchange Commission in the year 1999 through and 2010, in which they established an investment trust for mortgages executed during the period of time when our mortgage and note was executed. Thus the mortgage and note for our property was undoubtedly part of a pooling and servicing agreement whereby investors purchased the mortgage and note from the original lender, the original lender, through their investment and securitization corporation, commonly known as the depositor, placing the note into a trust with thousands of notes.

40. The sale of the Note and Mortgage to the Mortgage backed Security has not been revealed or brought forward by the Defendant's client FEDERAL NATIONAL MORTGAGE ASSOCIATION. The SEC website describes many of these trusts as a mortgage-backed-security.

41. The Defendant's client, FEDERAL NATIONAL MORTGAGE ASSOCIATION, cannot foreclose or enforce the debt because they are not a legitimate creditor and not part of the chain of title to the promissory note in this matter. The Defendants in this matter are assisting their client, FEDERAL NATIONAL MORTGAGE ASSOCIATION, in theft of my home, the subject property.

## Parties/ Plaintiff

Claim For Damages Page 21

42. I, Gerald Garwood, am the Plaintiff, and I am private inhabitants living in California.

### Parties/ The Defendants

43. STANLEY SNIFF, Jr. is named as a defendant because he exercised powers that he does not have and has taken actions in conjunction with local government agencies such as the Riverside County Recorders Office and the Riverside County Superior Court and his client, FEDERAL NATIONAL MORTGAGE ASSOCIATION to deprive me of my private property in violation of the FAIR DEBT COLLECTION PRACTICES ACT, Title 15 USC, Section 1692c, 1692d, 1692e, 1692f, 1692g,1692i. Violations of the FAIR DEBT COLLECTION PRACTICES ACT, Title 15 USC, Section 1692c, 1692d, 1692e, 1692f, 1692g,1692i occurred, in this context, when FEDERAL NATIONAL MORTGAGE ASSOCIATION acted in league with the other Defendants to foreclose on my property, even though they had no standing to do so, since the note was sold to the mortgage-backed-security, and probably sold later to an undisclosed Third Party Note Buyer. It appears that the notes are held by a mortgage-backed-security or some other financial institution, although it is impossible to determine who is the actual holder of the note, based upon the present circumstances whereby the Defendants and their clients and principals have engaged in deliberate fraudulent concealment. Deputy We are told that FEDERAL NATIONAL MORTGAGE ASSOCIATION was allegedly assigned the note and deed of trust by MERS, Inc, a Delaware corporation, based upon the Assignment of Deed of Trust, in which both the principals signature and the notary signature were forged. MERS has admitted that they do not have an ownership interest in the notes and

deeds of trust for the millions of loans they are involved with and they have admitted that they cannot collect mortgage payments, *see, e.g., Mortgage Elec. Registration Sys. Inc.* v. *Neb. Dept. of Banking & Fin., 704* N.W.2d 784, 787 (Neb. 2005) ("MERS argues that it **does not own the promissory notes secured by the mortgages *and has no right to payments made on the notes.")* (emphasis added).**

44. *AS A RESULT, FEDERAL NATIONAL MORTGAGE ASSOCIATION, HAS NO RIGHT, TITLE OR INTEREST IN THE LAND AND HOME, WHICH IS THE SUBJECT OF THIS CIVIL ACTION, SINCE THE NOTE HAS BEEN SOLD, AND THE UNDISCLOSED THIRD PARTY NOTE BUYER, (THE "DEPOSITOR"), DOES NOT HAVE THE RIGHT OF SUBROGATION TO THE ORIGINAL NOTE THAT THEY ALLEGEDLY PURCHASED AND THAT WAS ALLEGEDLY ASSIGNED TO THEM. THEY HAVE NO STANDING TO FORECLOSE ON MY PROPERTY.* STANLEY SNIFF, oversees and manages the Sheriffs Deputies and is named as a Defendant in this matter because he has a central role in directing the activities of the Sheriffs Deputies under his command, sets policy for his department and has assisted many alleged mortgage creditors such as FEDERAL NATIONAL MORTGAGE ASSOCIATION in their unlawful activities in an illegal foreclosure. **The Foreclosure case, an unlawful detainer, filed against us in Riverside County Superior Court is a void judgment, having been filed by a party without standing and capacity and cannot be enforced as a void judgment.**

45. *Does 1-10 are unknown agents of the Defendants STANLEY SNIFF and the RIVERSIDE COUNTY SHERIFF'S DEPARTMENT.*

46. The fact that The Mortgage Backed Security or Undisclosed Third Party Note Buyer did not pay the entire mortgage debt in full and is not secondarily liable is unrebutted and is therefore a fact undisputed and agreed to by the Defendants. These Defendants are attempting to deprive me of my right to use and ownership of my land and home, in violation of the FAIR DEBT COLLECTION PRACTICES ACT, Title 15 USC, Section 1692c, 1692d, 1692e, 1692f, 1692g, 1692i, by foreclosing without standing and without having recorded the Assignment of Mortgage prior to filing their civil case in the Riverside County real estate records as required under California law.

## II. SECURITIZATION OF MORTGAGE LOANS INCLUDING PLAINTIFFS

47. Securitization is intentionally complex and the details and even some of the mathematical calculations involved cannot be succinctly set forth in a complaint.

48. As set forth in the Investor Cases, the securities that the Securitizers sold are so called asset-backed securities, or ABS, created in a process known as securitization. More specifically, they involved a complex financial instrument product known generically in the securities industry as collaterized debt obligations ("CDOs"). "Synthetic" CDOs are even more complex instruments that are "derivates" based only indirectly on the CDOs (i.e., Credit Default Swaps).

49. Securitization begins with the sale of bonds to Investors (usually they are sold "forward" meaning they are sold to the investors before the Investors' funds are given to mortgage borrowers such as the Plaintiffs.) Only some of the funds were then used to

Claim For Damages Page 24

fund loans such as Plaintiffs'. Investors were led to believe all of their funds except for reasonable fees were forwarded, but this was false.

50. The entities involved in making the loans are known as the Originators. The process by which the Originators decide whether or not to make particular loans is known as the underwriting of loans. Plaintiffs are informed and believe that during the loan underwriting process, representations were made to the Investors that the originators would apply various criteria to try to ensure that the loan will be repaid. However, they did not do so and instead, the way the securitization scheme was structured, it was actually in the best interests of the "Securitizers" (including Originators) for the loans to fail. They were clearly not acting with the interests of Plaintiffs or the Investors in mind. Until the loans are securitized, the borrowers on the loans sometimes make their loan payments to an Originator, but this may never occur or only be for a very short time. Collectively, the payments on the loans are known as the cash flow from the loans.

51. A large number of loans, usually of a similar type, are grouped into a collateral pool. The Originator of those loans claims it sells them (and, with them, the right to receive the cash flow from them) to a special purpose vehicle called a trust by the Securitizers. The trust is supposed to pay the Originator cash for the loans. As mentioned, the trust raises the cash to pay for the loans by selling bonds, in the form of certificates, to Investors. Each certificate purportedly entitles its holder to an agreed part of the cash flow from the loans in the collateral pool.

52. There are tranches of investment bonds sold. Typically, "Tranche A" is a veneer of conventional mortgages where the borrowers appear creditworthy. ("Tranche" is a

French word for "slice". A tranche is a piece, portion, or slice of a deal or structured financing. Different tranches have different risks, rewards, and/or maturities.) Other tranches had much less credit worthy borrowers. Using the creditworthy borrowers, the Securitizers obtained ratings on the bonds that were inaccurate at best. It has now become public knowledge that Securitizers conspired with the rating agencies to mislead investors. Thus, schematically, these are some of the steps in a securitization in no specific order:

a. Investments are created for Investors usually in the form of Bonds.

b. Credit Enhancements are obtained.

c. Rating agencies are provided misleading information and paid to rate the Bonds as "safe" and provide misleading information.

d. Investors pay money to the trust.

e. The trust issues certificates to the Investors.

f. The trust pays money to the parties up the chain toward the borrower/property owner through the Originators.

g. Only part of the funds are used to fund mortgage loans such as the one made to plaintiffs.

h. The rest of the money is kept by the Originators and Securitizers in the scheme. In other words, by way of example, the Investors might think they are funding a loan for $1 million, however, only $500,000 is actually loaned to borrowers such as the plaintiffs, and the Securitizers keep the rest through a complex series of transactions.

i. The Originator and Securitizers plan in advance for the loans to default.

j. Loans made to persons like Plaintiffs are placed into one or more pools.

Claim For Damages Page 26

k. The Originator was supposed to assign to the trust the loans, which were placed into a collateral pool, including the right to receive the cash flow from those loans, but a proper assignment/transfer was never done.

l. The trust is supposed to collect cash flow from payments on the loans in the collateral pool; however it has no legal right to do so even under the lengthy, complex documents used in securitization.

m. When the mortgage loans go into default, the Securitizers demand that payment be made to the Investors by the "credit enhancements."

n. In "Credit Default Swaps" the Securitizers also placed "bets" that the loans would not pay off (as was planned), in order to cover the difference between what was loaned to borrowers such as Plaintiff and what was funded by the Investors and make another hidden profit for the Securitizers. According to some published reports, these unregistered securities were frequently more than 30 times the principal on the mortgage loans (such as Plaintiffs'.) Thus, if the borrowers such as Plaintiffs did not perform on the loans, the Securitizers would make more money than if they did.

o. After default, even though the mortgage loan is technically paid in full if a proper accounting were done, the Securitizers pretend the loan is still owed by the borrowers such as Plaintiffs to the original named "beneficiary" on the deed of trust, and try to foreclose on the mortgage and steal the mortgaged real property from borrowers such as the Plaintiffs.

p. Securitizers hire law firms such as Defendants who know or should know collection of loans such as the Subject Loan is improper and routinely conceal information concerning such to the courts. (See, *In Re Nosek*, 406 B.R. 434.)

53. Recently, the U.S. Supreme Court has found that these law firms may be held

liable in class actions under the Fair Debt Collection Practices Act. (See, *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich Lpa, et al.,* 130 S. Ct. 1605; April 21, 2010). The Defendants are debt collectors within the meaning of that term.

54. The Sponsor is supposed to arrange for title to the mortgage loans to be transferred to an entity known as the depositor, which then was supposed to transfer title to the loans to the trust.

55. As mentioned, the assignment of the mortgages never properly occurred and this is the subject of countless lawsuits by the borrowers such as Plaintiffs.

56. The obligor of the certificates in a securitization is supposed to be the trust that purchases the loans in the collateral pool. However, this cannot be true because title to the mortgage loans was never perfected. The trust is a mere conduit that has no power to do anything, and has no real trustee.

57. The Pooling and Service Agreements provide certain time deadlines by which transfers were to be made, and these were not met.

58. When a trust has no assets it cannot satisfy the liabilities of an issuer of securities (the certificates). According to the Investor Cases, the law therefore treats the depositor as the issuer of an asset-backed certificate.

59. According to the Investor Cases, securities dealers, represented that they would underwrite the sale of the certificates. Most important, securities underwriters provided to potential investors the information that they need to decide whether to purchase certificates.

60. Because the cash flow from the loans in the collateral pool of a securitization is purportedly the source of funds to pay the holders of the certificates issued by the trust, the credit quality of those certificates, if this were true, would be dependent upon the

Claim For Damages Page 28

credit quality of the loans in the collateral pool. According to the Investor Cases, the most important information about the credit quality of those loans is contained in the files that the Originator develops while making the loans, the so-called loan files. For residential mortgage loans, each loan file normally contains the information and such important documents as the borrower's application for the loan, credit reports on the borrower, and an appraisal of the property that will secure the loan.

61. This is the point where the Mortgage Electronic Registration System ("MERS") became a part of the scheme, which is itself subject to countless lawsuits including class actions. Recently, FEDERAL NATIONAL MORTGAGE ASSOCIATION issued new rules stating the MERS has no authority concerning its loans.

62. Collateral pools usually include thousands of loans. Instead of potential investors individually reviewing thousands of loan files, the securities firms that would underwrite the sale of the certificates in a securitization were supposedly responsible for gathering, verifying, and presenting to potential investors the information about the credit quality of the loans that will be deposited into the trust.

63. As was alleged in the Investor Cases, the Securitizers sold to the Investors certificates in securitizations the information that was presented to Investors contained many false statements that were material to the mortgage/loan transactions.

64. I, Gerald C. Garwood, the Plaintiff, rely upon Haines v. Kerner, 404 US 519 (1972), and do hereby and herein object to the alleged Creditor's Claim of FEDERAL NATIONAL MORTGAGE ASSOCIATION, and their attempt to violate my due process rights by issuing and serving process against me in the foreclosure case while there is a pending lawsuit to for wrongful forecolsure based upon the foregoing:

**FIRST CAUSE OF ACTION**

(Violation of Title 42, §1983, Deprivation of Rights Under Color of Authority)

65. I, Gerald Garwood, the Plaintiff allege and re-allege the foregoing Paragraphs as Paragraphs of this Cause of Action with the same force and effect as if fully set forth herein.

66. The actions of the Defendant, STANLEY SNIFF, JR., while acting as agent of FEDERAL NATIONAL MORTGAGE ASSOCIATION constitute a breech of the public trust, wherein they are required to honor and uphold the Fourth Amendment to the US Constitution and the Fourth Amendment to the Constitution for the United States of America, see Soldal v. Cook County, Illinois, supra.

67. The Defendant, STANLEY SNIFF, by and through his Sheriff's deputies, Deputy Keith Grueneberg and Rich Fevinger is poised served a document purportedly giving him authority to seize my property without compliance with the Warrant Clause of the Fourth Amendment. There is no signer of an affidavit or declaration by someone with first-hand knowledge of the account and general ledger statement and the chain of title for the note with an oath administered by someone qualified to administer oaths. As the Defendants already know or should have known, the warrant clause of the Fourth Amendment to the US Constitution and the warrant clause of the Fourth Amendment to the Constitution For The United States of America states as follows: "No Warrant shall issue, but upon probable cause, supported by Oath or affirmation and particularly describing the persons or things to be seized."

68. As the Defendants know or should have known a seizure of land and a home in a foreclosure is a seizure of things within the meaning of the Fourth Amendment of the US Constitution and the Fourth Amendment to the Constitution for the United States of America. There is no affidavit and the alleged eviction document is not signed under oath as required under the Fourth Amendment. This is also a violation of the Fourteenth Amendment because it violates the procedural Due process clauses of the Fourth Amendment.

69. The document that will be used to compel me to vacate the subject property was not signed under oath as required by the Fourth Amendment to the Constitution for the United States of America, see Soldal v. Cook County, Illinois, supra, Ex Parte Burford, 7 U.S. 448, (1806); Kalina v. Fletcher, 522 U.S. 118, (1997); *Groh* v. *Ramirez,* 124 S. Ct. 1284 (2004), in which the Supreme Court recently affirmed that every warrant must meet the requirements of the Warrant Clause, and be based upon probable cause, supported by oath or affirmation. *Id.* at 1289-90; *see also Albrecht* v. *United States,* 273 U.S. 1, 4-6 (1927) (holding an arrest warrant invalid because it was issued based upon affidavits which had been sworn to before an official "not authorized to administer oaths in federal criminal proceedings"). Thus, where a warrant is issued and is unsupported by oath or affirmation, it is invalid under the Fourth Amendment. *See United States* v. *Rabe,* 848 F.2d 994, 997 (9th Cir. 1988) (explaining that Warrant Clause "requires the government to establish by sworn evidence presented to a magistrate that probable cause exists to believe that an offense has been committed").

70. In Kalina v. Fletcher, supra, the US Supreme Court stated the Fourth Amendment requirements as follows: "The Fourth Amendment requires that arrest warrants be based

"upon probable cause, supported by Oath or affirmation" -- a requirement that may be satisfied by an indictment returned by a grand jury, but not by the mere filing of criminal charges in an unsworn information signed by the prosecutor. Gerstein v. Pugh, 420 U.S. 103, 117, 43 L. Ed. 2d 54, 95 S. Ct. 854 (1975); see also Coolidge v. New Hampshire, 403 U.S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022 (1971)."

71. At issue is whether the eviction notice, which functions as a warrant in this matter, and which was based on unsworn facts, is a warrant within the meaning of the Fourth Amendment to the Constitution For The United States of America, and the Fourth Amendment to the U.S. Constitution. The Defendants have violated my rights secured by the Fourth Amendment, pursuant to the oath or affirmation clause, and are attempting to seize the subject property, in violation of said provision of the Fourth Amendment and take my home away from me without compliance with the Fourth Amendment. The Defendants cannot perform an eviction and enforce a writ of possession without compliance with the Fourth Amendment to the US Constitution. Based upon the foregoing citations of law the Fourth Amendment requirements for a sworn civil complaint and eviction signed under oath discussed have not been met by the Defendants and a court order must be issued to order a cease and desist.

## SECOND CAUSE OF ACTION

Action of Trespass

Against all Defendants

Claim For Damages Page 32

72. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs. Please note: at no time in this complaint are we alleging any fraud related to loan origination nor are we complaining of any overt act of fraud related to the origination of this loan. Defendants conspired with FEDERAL NATIONAL MORTGAGE ASSOCIATION and their agents and attorneys in violation of Section 1983, of Title 42, US Code as stated above. The Defendants intentionally inflicted emotional distress knowing that their client does not have standing to foreclose on said property and knowing the loss of a person's home is one of the most traumatic things that anyone can experience.

73. The Defendants assisted their client, FEDERAL NATIONAL MORTGAGE ASSOCIATION, in their continuing theft of my private property, at 77644 Missouri Drive, Palm Desert, California and have violated our due process rights, when they knew or should have known that I filed two lawsuits against their client, FEDERAL NATIONAL MORTGAGE ASSOCIATION for Trespass on the case, and the questions of title were never presented or finally decided in the unlawful detainer case for which they are issuing and serving process in order to evict me. The Defendants are getting ready to serve me with an Eviction Notice derived from the unlawful detainer case, filed in Superior Court in Riverside County.

74. The Defendants have failed to honor, respect or uphold my due process rights, by refraining from proceeding with the eviction until the two civil actions have run their course and any appeals have been filed and heard, before the Defendants can move

Claim For Damages Page 33

forward with the eviction. The Defendants have a duty to refrain from proceeding in an eviction, until the wrongful foreclosure civil case and the Trespass on the Case and Action of Trover has been finally decided and any appeals are heard and finally decided. They also have a duty to refrain from moving forward with the eviction until the appeal is finally decided in the UD case. In said Superior Court foreclosure case the court was never asked to adjudicate title and questions of title were never presented to the Superior Court.

75. The defendants have failed to prove or show a court order authorizing private property to be liened, levied or seized based upon a determination of title in an Action to Quiet Title as required under the rules of the common law, and the due process clauses in the Fifth and Fourteenth Amendments, and pursuant to Article Three of the Constitution for the United States of America. The Defendants have used the organs and institutions of government to seek to obtain fraudulent title to the subject property, without standing and without due process of law, and without a trial by the jury under the rules of the common law. The common law right of due process is found in the Fifth, and Fourteenth Amendments to our Federal Constitution. Violations of the FAIR DEBT COLLECTION PRACTICES ACT, have occurred at Title 15 USC, Section 1692c, 1692d, 1692e, 1692f, 1692g,1692i when the creditor does not have standing and that foreclosure involves the use of the organs and instrumentalities of government agencies such as the Sheriffs Department or the Riverside County Recorder.

76. The Defendants are preparing to trespass on the property of the Plaintiffs by enforcing a debt for which their client FEDERAL NATIONAL MORTGAGE ASSOCIATION is a stranger to the transaction and not lawfully entitled to payment of

money or property. They claim exclusive right, title and interest in the subject property as strangers to the transaction with unverified claims. Verified claims are required under the Fourth Amendment, where the Courts are required to issue a warrant that is supported by oath or affirmation. They have only a defective recorded assignment of the subject loan and do not meet the REQUIREMENTS UNDER THE COMMON LAW. This is a **TRESPASS QUARE CLAUSUM FREGIT**. This is a remedy, which lies to recover damages when the defendant has unlawfully and wrongfully trespassed upon the real estate of the plaintiff. The forged documents make the attempted foreclosure a conversion for evidence of the Forged documents see **Exhibit B**, attached and incorporated by reference.

77. The Defendants are assisting their client to acquire the subject property by way of a defective and unverified claim, with a forged assignment from the original lender. The Plaintiff seeks Declaratory relief in the nature of an order of cease and desist and an order stating that the Defendants client, FEDERAL NATIONAL MORTGAGE ASSOCIATION does not have any right, title or interest in the subject property, as stated above. Additionally, because their client, FANNIE MAE, has received payment in full of the mortgage from 2046 Balance Sheet by the doctrine of laches and by tacit admission, as stated above, they do not have any valid claim to collect any further, even if they could supply verification of their claims, assuming that their unverified claims were valid. The Defendants are trespassers because of abuse of legal process and are presenting themselves as mortgage creditors even though they are not mortgage creditors because of the double recovery by way of the 2046 Balance Sheet described herein. The Defendants are causal agents of the trespass because of the broken chain on title and the failure to disclose the payment on the 2046 Balance Sheet.

78. A man is a trespasser by his own direct action when he acts without any excuse; or he may be a trespasser in the execution of a legal process in an illegal manner; 1 Chit. Pl. 183: 2 John. Cas. 27; or when the court has no jurisdiction over the subject-matter when the court has jurisdiction but the proceeding is defective and void; when the process has been misapplied, as, when the defendant has taken A's goods on an execution against B; when the process has been abused 1 Chit. Pl. 183-187 in all these cases a man is a trespasser ab initio. And a person capable of giving his assent may become a trespasser, by an act subsequent to the tort. If, for example, a man takes possession of land for the use of another, the latter may afterwards recognize and adopt the act; by so doing, he places himself in the situation of one who had previously commanded it, and consequently is himself a trespasser, if the other had no right to enter, nor he to command the entry. 4 Inst. 317; Ham. N. P. 215. Vide 1 Rawle's R. 121.

Bouvier's Law Dictionary, 1856.

79. The actions taken by the defendants, attempt to deprive me of my liberty and property without due process of law. Article Three of the original constitution for the united States of America calls for law courts, see Callan v. Wilson, 127 U.S. 540, (1888) "And as the guaranty of a trial by jury, in the third article, implied a trial in that mode, **and according to the settled rules of common law**". See also Commentaries on the Constitution by Joseph Story, Volume III, Pages 506-507. Actions by the Defendants client, FEDERAL NATIONAL MORTGAGE ASSOCIATION to claim to have a security interest in my private land and home and personal property and claim authority to hold a foreclosure sale is an action beyond the scope of their authority as strangers to the transaction, and as parties who have not brought a suit against us under common law to litigate title. This is described by the United States Supreme Court as tyranny in;

Claim For Damages Page 36

United States v. Lee; 106 US 196, 1S. Ct. 240 (1882) where the United States claimed ownership of property via a tax sale some years earlier, the court made the statements found below.

80. "No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government, from the highest to the lowest are creatures of the law and are bound to obey it. It is the only supreme power of our system of government, and every man who by accepting office participates in its functions is only the more strongly bound to submit to that supremacy, and to observe the limitations which it imposes upon the exercise of the authority which it gives...... Shall it be said ... that the courts cannot give remedy when the citizen has been deprived of his liberty by force, his estate seized and converted to the use of the government without any lawful authority, without any process of law, and without any compensation, because the president has ordered it and his officers are in possession? If such be the law of this country, it sanctions a tyranny which has no existence in the monarchies of Europe, nor in any other government which has a just claim to well-regulated liberty and the protection of personal rights." US v. Lee, supra. In US v. Lee, supra, the government can be considered as similar and applying in like manner as the defendants in the above captioned case. If government agencies cannot take private property without due process of law, how can a bank or mortgage company do so?

81. The Supreme Court also reaffirmed the right to enjoy private property and not be deprived of it without due process of law in Lynch v. Household Finance Corp.; 405 US 538 (1972);

Claim For Damages Page 37

"Such difficulties indicate that the dichotomy between personal liberties and property rights is a false one. The right to enjoy property without unlawful deprivation, no less than the right to speak or the right to travel, is in truth a "personal" right whether the "property" in question be a welfare check, a home, or a savings account. In fact a fundamental interdependence exists between the personal right to liberty and the personal right in property. Neither could have meaning without the other. That rights in property are basic civil rights has long been recognized. J. Locke Of Civil Government 82-85(1924); J. Adams A Defense of the Constitutions of Government of the United States of America, in F. Coker Democracy, Liberty and Property 121-132 (1942); 1 W. Blackstone, Commentaries 138-140."

82. The taking of private property without due process is clearly a violation of civil liberties as well as personal rights. One of the settled principles of our Constitution is that these Amendments are to protect only against invasion of civil liberties by the government whose conduct they alone limit. Burdeau v. McDowell ; 256 US 465, 41 S. Ct. 574, 65 L Ed. 104813 ALR 1159 (1921); Weeks v. United States; 232 US 383, 34 S. Ct. 341, 58 L. Ed. 652, (1914);Hall v. United States; 41, F 2d 54(9th Cir. 1930); Brown v. United States; 12 F 2d. 926 (9th Cir. 1926). Therefore the organs of government cannot be used to participate and assist in the unlawful plunder of our private allodial property. As a result of the foregoing failure to show that the Defendant's Client FEDERAL NATIONAL MORTGAGE ASSOCIATION is in possession of the note with an endorsement, wherein the note is indorsed to FEDERAL NATIONAL MORTGAGE ASSOCIATION as required under Uniform Commercial Code 3-203, 3-204 and 3-205

and show the chain of title of the note, the actions complained of here, are a violation of the due process clauses of the Fifth and Fourteenth Amendments to the US Constitution. The lack of standing and failure to establish ratification of commencement under FRCP Section 17(a) amount to a violation of the due process clauses in the Fifth and Fourteenth Amendments to the US Constitution.

**The Defendants cannot foreclose without a Judicial Determination of The Status of The Defendants as The Owner in a Court of Common Law and by Way of A Quiet Title Action.**

83. The Defendants, by their action are attempting to force me out of the subject property without due process of law. Pursuant to the rules of the common law, the Defendants do not have the right to foreclose or evict me from my home. The Defendants clearly violated California law when they issued and served process for foreclosure proceedings, in absolute defiance of the Due Process Clause of the Fifth Amendment, since California is bound by the US Constitution and because the Plaintiff in the Superior Court foreclosure case filed by FEDERAL NATIONAL MORTGAGE ASSOCIATION has failed to litigate title in the UD case. Pursuant to the Fifth Article of Amendment to our Federal Constitution, the Defendants cannot seek to obtain non-judicial remedies to obtain title, thereby claiming to have a 'perfected title', and thereby circumventing the due process requirements as guaranteed under the Fifth Amendment, by way of the Fourteenth Amendment. A quiet title action must be adjudicated prior to any foreclosure action taken or being tried in court, pursuant to Article Three of the US Constitution.

84. The unlawful action taken is therefore violative of my due process rights, see the Fourteenth and Seventh Amendment to the US Constitution. The US Supreme Court also reaffirmed the right to enjoy private property and not be deprived of it without due process of law in Lynch v. Household Finance Corp.; 405 US 538 (1972). This case is similar and analogous to the Lynch case, referenced above, because property is going to be seized without judicial due process. **The Defendant is proceeding as if rights were waived. I have never waived any rights in this matter, knowingly, intelligently or voluntarily, including my right to judicial due process.** Please see Brady v US; 397 US 742 at 748 for confirmation that rights must be waived knowingly, intelligently and voluntarily.

85. The outcome of this case will determine the ownership of the subject property and the validity of the claims of the parties. The UD action taken by the Defendants lacks personal and subject matter jurisdiction because of; 1.) the misrepresentation of material facts by the Defendants *that they have the right to foreclose* 2.) the failure and refusal by the Defendant's client, FEDERAL NATIONAL MORTGAGE ASSOCIATION, to produce the original note, 3.) the fact that the attempted seizure of the private property in question is not lawful because it violates the doctrine of due process established by California Common Law and by the US Supreme Court in Lynch v Household Finance, supra, by skipping and circumventing the requirement to file an Action to Quiet Title under common law to determine with certainty who has title to the property, as required under Article Three of the US Constitution and 4.) it violates my due process rights as Plaintiff.

**86. The Defendant' s client, FEDERAL NATIONAL MORTGAGE ASSOCIATION, has failed or refused to produce the actual note, which the Defendants allege that I owe.** Where the foreclosing party cannot prove the existence of the note, then there is no note. As a result, the Defendants, and each of them, lack standing to assist their client, to enforce the bank loan, which was entered into by Gerald C. Garwood with the original lender for the purchase of the subject land and buildings, the subject property. It appears, from a review of the SEC website, EDGAR ON LINE that many banks, such as WELLS FARGO BANK, NA for example, sell all of their notes to mortgage backed securities that they create themselves through their own investment company, such as WELLS FARGO ASSET SECURITIES CORP. It is clear from the numerous investor lawsuits filed against banks and the REMICS they set up, that even small regional banks have securitized all of their notes and that they no longer have them in their possession.

87. To recover on a promissory note, the Defendant must prove: (1) the existence of the note in question; (2) that the party sued signed the note; (3) that the Defendant is the owner or holder of the note; and (4) that a certain balance is due and owing on the note. See In Re: SMS Financial LLC. v. Abco Homes, Inc. . 167 F.3d 235 (1999) February 18, 1999 (5th Circuit Court of Appeals.) Volume 29 of the New Jersey Practice Series, Chapter 10 Section 123, page 566, emphatically states, " ...; and no part payments should be made on the bond or note unless the person to whom payment is made is able to produce the bond or note and the part payments are endorsed thereon.

88. It would seem that the mortgagor would normally have a Common law right to demand production or surrender of the bond or note and mortgage, as the case may be. See Restatement, Contracts S 170(3), (4) (1932); C.J.S. Mortgages S 469. In Carnegie Bank v Shalleck ; 256 N.J. Super 23 (App. Div 1992), the Appellate Division held, "When the underlying mortgage is evidenced by an instrument meeting the criteria for negotiability set forth in N.J.S. 12A:3-104, the holder of the instrument shall be afforded all the rights and protections provided a holder in due course pursuant to N.J.S. 12A:3-302 "Since no one is able to produce the "instrument" there is no competent evidence before the Court that any party is the holder of the alleged note or the true holder in due course. New Jersey common law dictates that the plaintiff prove the existence of the alleged note in question, prove that the party sued signed the alleged note, prove that the plaintiff is the owner and holder of the alleged note, and prove that a certain balance is due and owing on any alleged note." As discussed, Federal Circuit Courts have ruled that the only way to prove the perfection of any security is by actual possession of the security.

89. The landmark case stating this doctrine is Matter of Staff Mortg. & Inv. Corp., 550 F.2d 1228 (9th Cir. 1977), "Under the Uniform Commercial Code, the only notice sufficient to inform all interested parties that a security interest in instruments has been perfected is actual possession by the secured party, his agent or bailee." The above Ninth Circuit ruling was affirmed six times by the Ninth Circuit Court of Appeals and similar rulings were handed down in the Eighth and Sixth Circuits, see Shepards citations. Bankruptcy Courts have followed the Uniform Commercial Code. In Re Investors & Lenders, Ltd. 165 B.R. 389 (Bkrtcy.D.N.J.1994), "Under the New Jersey Uniform

Claim For Damages Page 42

Commercial Code (NJUCC), promissory note is "instrument," security interest in which must be perfected by possession." In addition, the note has a Planned Unit Development Rider that made a part of the note, which states in the body of the document that the rider is deemed to amend and supplement the deed of trust, which changed the note from an unconditional promise to pay to a conditional promise to pay, and means that the sale of the note was unlawful and in violation of Sections 3-104 and 3-106 of Uniform Commercial Code, since a conditional promise to pay cannot be sold or transferred, thus the note is unenforceable by anyone but the original note holder. The note was sold to an asset- backed-security and is therefore unenforceable by the Defendants client and their agents. The Defendants intentionally inflicted emotional distress, knowing that the home owners are being evicted from their homes unjustly and by strangers to the transaction.

**In order to prove damages in foreclosure of a debt, a party must enter the account and general ledger statement into the record through a competent fact witness.**

90. To prove up a claim of damages, the foreclosing party must enter evidence incorporating records such as a general ledger and accounting of an alleged unpaid promissory note, the person responsible for preparing and maintaining the account general ledger must provide a complete accounting which must be sworn to and dated by the person who maintained the ledger. See  Pacific Concrete F.C.U. V. Kauanoe,  62 Haw.334, 614 P.2d 936 (1980), GE Capital Hawaii, Inc. v. Yonenaka  25 P.3d 807,96 Hawaii 32, (Hawaii App 2001), Fooks v. Norwich Housing Authority; 28 Conn.L. Rptr. 371, (Conn. Super.2000), and Town of Brookfield v. Candlewood Shores Estates, Inc.; 513 A.2d 1218, 201  (1986). See also Solon v. Godbole;163 Ill. App. 3d 845, 114 Il;

Claim For Damages Page 43

Remington Investments, Inc.,    v. Hamedani, 55 Cal.App.4th 1033 (1997), a California Court of Appeals ruling. Only a person with first hand knowledge of the facts can sign an affidavit or declaration certifying the truth and correctness of any statements made regarding the loan, the foreclosure and events leading up to the foreclosure, such as the chain of title of the note and mortgage and the accounting records of the lender. This information could not be known by the signer of an affidavit or declaration unless they worked in the accounting department of the lender. Thus there has been no attempt to comply with the Fourth Amendment in this way.

### Relief Requested

91. In this case, the foreclosure documents were prepared to conceal that no valid or proper assignments of the promissory notes or trust deeds ever occurred.  The foregoing acts and omissions of Defendants constitute violations of the FDCPA, including, but not limited to, 1692c, 1692d, 1692e, 1692f, 1692g, 1692i, and 1692k.

92. The Plaintiffs are entitled to recover equitable relief, statutory damages, actual damages, reasonable attorney's fees, and costs **only in the event that the Defendants answer this civil action or file any motions or evict us from the subject property, otherwise we do not want monetary damages of any kind**.

WHEREFORE Plaintiffs pray for Judgment in our favor and against the Defendants and each of them as follows:

Claim For Damages Page 44

93. For an award of compensatory damages in an amount to be proven at time of trial in favor of the Plaintiff and against the Defendants, to be proven at time of trial, but in any event in an amount above the arbitration limits of the court;

94. For punitive damages in an amount to be proven at time of trial;

95. For the Declaratory relief and an order of cease and desist prayed for in Allegations of Plaintiff's Complaint;

96. For Plaintiff's costs of suit incurred herein;

97. For an award of Plaintiff's reasonable attorney's fees pursuant to UCC and For a trial by jury; and

98. For prejudgment and post-judgment interest on any damage award at the maximum rate allowed by law; and

100. For such other and further relief as the Court may deem just and proper in the premises.

## ADDITIONAL RELIEF REQUESTED

101. **One.** I further ask that the ACTIONS taken by the defendants to hold a public auction of the property in violation of the FAIR DEBT COLLECTION PRACTICES ACT, Title 15 USC, Section 1692c, 1692d, 1692e, 1692f, 1692g, 1692i and California common law be abated and reversed and that they cease and desist their actions and

Claim For Damages Page 45

activities in pursuance thereof. I also ask for a court order compelling the Defendants to give up any current attempt to take possession and occupancy of the subject property.

102. For a declaratory judgment that because the above described property is held in alloidum by me, Gerald Garwood, that FEDERAL NATIONAL MORTGAGE ASSOCIATION, has no security interest, right, title or interest or lien in said private allodial property, the Defendants clients and each of them must be found to be without any lawful claim against our private allodial property, and they are, therefore, compelled to disclaim any right, title or interest in the subject property because of the failure to comply with the Fourth Amendment, as discussed above.

103. **Three.** For an order of Cease and Desist, ordering the Defendants and their agents, including any unregistered foreign agents, to cease and desist any further actions to sell the property subsequent to the fraudulent foreclose on this alleged debt, because of the failure of consideration and because of the lack of the right of subrogation, and therefore, the lack of any standing to sue for foreclosure or for eviction by the Defendants.

104. In addition, I ask for a court order of Cease and Desist ordering the Sheriffs Deputies and everyone under the command of STANLEY SNIFF in Riverside county, California to refrain from enforcing any and all actions for eviction or foreclosure, taken by these Defendants, or their agents and assigns, because The Mortgage backed Security (or the Undisclosed Third Party Note Buyer) does not have the right of subrogation as a stranger to the transaction, and because of the gap in title that was created by the failure of the current note holder to produce a proper accounting and demonstrate who is the current holder-in-due-course by production of the original note, with an indorsement on the note and not a copy. I ask that the order of cease and desist, command RIVERSIDE

COUNTY SUPERIOR COURT to refrain from taking any actions whatsoever to order an eviction of me from the subject property, until the time that this matter is settled and that all appeals have run their course.

105. **I AM NOT ASKING FOR MONETARY DAMAGES** if this complaint is uncontested. Uncontested means that no answer and no motions or other pleadings are filed by the Defendants. If, however, the complaint is contested we ask for damages as described herein. I, Gerald Garwood, the in this matter, demand punitive damages FOR ENGAGING IN ACTS OF OPPRESSION, FRAUD AND MALICE, from the defendant STANLEY SNIFF, in the amount of $ 80,000.00, SILVER SPECIE sum certain payable in silver one ounce coins minted by the United States Treasury if the suit is contested, and FOR ENGAGING IN ACTS OF OPPRESSION, FRAUD AND MALICE, from the defendant RIVERSIDE COUNTY SHERIFF'S DEPARTMENT in the amount of $ 80,000.00, SILVER SPECIE sum certain payable in silver one ounce coins minted by the United States Treasury, and FOR ENGAGING IN ACTS OF OPPRESSION, FRAUD AND MALICE, from the defendant Keith Grueneberg in the amount of $ 80,000.00, SILVER SPECIE sum certain payable in silver one ounce coins minted by the United States Treasury, and FOR ENGAGING IN ACTS OF OPPRESSION, FRAUD AND MALICE, from the defendant Rich Fevinger in the amount of $ 80,000.00, SILVER SPECIE sum certain payable in silver one ounce coins minted by the United States Treasury.

106. I, Gerald Garwood, the Plaintiff in this matter, and the aggrieved, injured party demand cost for this suit, if the suit is contested.

Claim For Damages Page 47

107. Leave to amend the complaint pursuant to Federal Rules of Civil Procedure § 15(a) once discovery is completed and the defendants have raised the usual FRCP 12(b)(6) objections and the usual avalanche of procedural gimmicks.

108. An order from the court explaining where the complaint is deficient and how to correct it.

109. Such other relief as the court deems just, proper and equitable.

Respectfully Submitted,

Dated: 8/29/2017

Gerald Garwood

## VERIFICATION

I have read the **COMPLAINT FOR DAMAGES, CIVIL RIGHTS VIOLATIONS, U.S.C. Title 42, Section 1983,** and know the contents thereof to be true; and the same is true of my own knowledge, except to the matters, which are therein stated on my information and belief, and as to those matters, I believe them to be true. The foregoing is true, correct, complete and not misleading.

Sealed by the voluntary act of my own hand on this _____ 29th _____ day of the _____ 8th _____ month, in the Year of our Lord, two thousand and Seventeen.

_Gerald Garwood_

Gerald Garwood

Claim For Damages Page 49

## LIST OF EXHIBITS

EXHIBIT A          EVICTION ORDER/ WRIT OF POSSESSION

EXHIBIT B          FORGED DOCUMENTS AND A DECLARATION BY LAURIE

                            HOLTZEL

# EXHIBIT A

51

**UD-110**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*<br>Glenn H. Wechsler; SBN 118456; Claudia Williams; SBN 264969<br>LAW OFFICES OF GLENN H. WECHSLER<br>1111 Civic Drive, Suite #210; Walnut Creek, CA 94596<br>TELEPHONE NO.: 925-274-0200     FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Pltf. FEDERAL NATIONAL MORTGAGE ASSOCIATION | *FOR COURT USE ONLY*<br><br>F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br>AUG 21 2017<br>G. Martinez |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 3255 E. Tahquitz Canyon Way
MAILING ADDRESS: 3255 E. Tahquitz Canyon Way
CITY AND ZIP CODE: Palm Springs, CA 92262
BRANCH NAME: Palm Springs Courthouse

PLAINTIFF: FEDERAL NATIONAL MORTGAGE ASSOCIATION

DEFENDANT: GERALD GARWOOD, et al.

| JUDGMENT—UNLAWFUL DETAINER | CASE NUMBER: |
|---|---|
| ☑ By Clerk   ☑ By Default   ☐ After Court Trial<br>☐ By Court   ☐ Possession Only   ☐ Defendant Did Not<br>                                        Appear at Trial | PSC1701949 |

## JUDGMENT

1. ☑ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☑ **Clerk's Judgment** (Code Civ. Proc., § 1169). For possession only of the premises described on page 2 (item 4).
   e. ☐ **Court Judgment** (Code Civ. Proc., § 585(b)). The court considered
       (1) ☐ plaintiff's testimony and other evidence.
       (2) ☐ plaintiff's or others' written declaration and evidence (Code Civ. Proc., § 585(d)).

2. ☐ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on *(date and time):*
      before *(name of judicial officer):*
   b. Appearances by:
      ☐ Plaintiff *(name each):*                        ☐ Plaintiff's attorney *(name each):*
                                                              (1)
                                                              (2)
      ☐ Continued on *Attachment* 2b (form MC-025).
      ☐ Defendant *(name each):*                        ☐ Defendant's attorney *(name each):*
                                                              (1)
                                                              (2)
      ☐ Continued on *Attachment* 2b (form MC-025).
   c. ☐ Defendant did not appear at trial. Defendant was properly served with notice of trial.
   d. ☐ A statement of decision (Code Civ. Proc., § 632) ☐ was not ☐ was requested.

Page 1 of 2

52

| PLAINTIFF: FEDERAL NATIONAL MORTGAGE ASSOCIATION | CASE NUMBER: PSC1701949 |
|---|---|
| DEFENDANT: GERALD GARWOOD, et al. | |

**JUDGMENT IS ENTERED AS FOLLOWS BY:** ☑ THE COURT ☐ THE CLERK

3. **Parties.** Judgment is

    a. ☑ for plaintiff (name each): FEDERAL NATIONAL MORTGAGE ASSOCIATION

        and against defendant (name each): GERALD GARWOOD

        ☐ Continued on Attachment 3a (form MC-025).

    b. ☐ for defendant (name each):

4. ☑ Plaintiff ☐ Defendant   is entitled to possession of the premises located at (street address, apartment, city, and county):
        77644 MISSOURI DRIVE, PALM DESERT, CA 92211

5. ☑ Judgment applies to all occupants of the premises including tenants, subtenants if any, and named claimants if any (Code Civ. Proc., §§ 715.010, 1169, and 1174.3).

6. **Amount and terms of judgment**

    a. ☐ Defendant named in item 3a above must pay plaintiff on the complaint:

|  |  |  |
|---|---|---|
| (1) ☐ Past-due rent | $ |
| (2) ☐ Holdover damages | $ |
| (3) ☐ Attorney fees | $ |
| (4) ☐ Costs | $ |
| (5) ☐ Other (specify): | $ |
| (6) **TOTAL JUDGMENT** | $ |

    b. ☐ Plaintiff is to receive nothing from defendant named in item 3b.
        ☐ Defendant named in item 3b is to recover costs: $
        ☐ and attorney fees: $

    c. ☐ The rental agreement is canceled. ☐ The lease is forfeited.

7. ☐ **Conditional judgment.** Plaintiff has breached the agreement to provide habitable premises to defendant as stated in Judgment—Unlawful Detainer Attachment (form UD–110S), which is attached.

8. ☑ **Other** (specify): Following granting Plaintiff's Motion to Strike on August 17, 2017

    ☐ Continued on Attachment 8 (form MC-025).

Date: _____ JUDICIAL OFFICER

Date: _____ ☐ Clerk, by _____ , Deputy

---

(SEAL)

**CLERK'S CERTIFICATE** (Optional)

I certify that this is a true copy of the original judgment on file in the court.

Date:

Clerk, by _____ , Deputy

---

UD-110 [New January 1, 2003]     **JUDGMENT—UNLAWFUL DETAINER**     Page 2 of 2

53

# EXHIBIT B

54

## DECLARATION OF LAURIE HOELTZEL

I, LAURIE HOELTZEL, hereby declare as follows:

1.    I am a Court Qualified Document Examiner and Handwriting Expert in the field of questioned documents in the State of California. I am over the age of eighteen years, am of sound mind, having never been convicted of a felony or crime of moral turpitude; I am competent in all respects to make this Declaration. I have personal knowledge of the matters declared herein, and if called to testify, I could and would competently testify thereto.

2.    I have studied and was trained in the examination, comparison, analysis and identification of handwriting, discrimination and identification of writing, robo-signing, altered numbers and altered documents, handwriting analysis, trait analysis, including the discipline of examining signatures, with over twenty (20) years of experience in this field. A true and correct copy of my current Curriculum Vitae ("C.V.") is attached as **"Exhibit 1"**.

3.    **Request:** I was asked to review four (4) signatures of BARBARA J. GIBBS to determine if the same person did indeed author all four (4) signatures. I have examined and compared the four (4) signatures: Below are the documents I was asked to examine:

4.    **Exhibit List: Documents Examined**

**Exhibit 2.**    CBJG1 – A one (1) page copy of a Notary Public Oath and Certificate of Filing, Commission No. 1864186, dated September 8, 2008, term commencing September 10, 2009 and ending September 9, 2013 in the County of Los Angeles bearing purported signature of Notary BARBARA J. GIBBS.

**Exhibit 3.**    CBJG2 - A one (1) page copy of an Assignment of Mortgage, MIN #: 100025500006896268, dated May 25, 2012, bearing the purported signature of Los Angeles County Notary BARBARA J. GIBBS, Commission # 1864186, expires on September 9, 2013.

55

**Exhibit 4.** CBJG3- A two (2) page copy of an Assignment of Deed of Trust, DOCID# 71312767134614851, MIN #: 1000157-0006495203-5, dated August 25, 2011, bearing the purported signature of Los Angeles County Notary BARBARA J. GIBBS, Commission # 1864186, expires on September 9, 2013.

**Exhibit 5.** CBJG4- A one (1) page copy of an Assignment of Mortgage, MIN #: 1000157-0007861964-6, dated April 6, 2012, bearing the purported signature of Los Angeles County Notary BARBARA J. GIBBS, Commission # 1864186, expires on September 9, 2013.

5. **Conclusion:** Based upon my thorough analysis of these items, and from an application of accepted forensic document examination tools, principles and techniques my professional opinion follows.

6. **Questioned Document Exhibits 2-5: CBJG1, CBJG2, CBJ3, and CBJ4**

**Opinion and Comments:** There is a pattern of inconsistency among the comparison documents, 'CBJG1' through 'CBJG4' which leaves a question as to which or if any document contains the authentic signature of BARBARA J. GIBBS. It appears that more than one person in the comparison documents was signing the name of BARBARA J. GIBBS. Therefore there is a strong indication of forgery.

7. I reserve my right to update my opinion based on verified known exemplars of BARBARA J. GIBBS.

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on the 20th day of October, 2012, in San Bernardino, California.

DR. LAURIE HOELTZEL

2

DECLARATION OF LAURIE HOELTZEL

## NOTARY PUBLIC OATH A    CERTIFICATE OF FILING

## MUST BE FILED IN THE COUNTY CLERK'S OFFICE BY 10-10-2009

I hereby certify that the official bond and oath of office of the person whose name is shown below, was filed on the date indicated and that the following is a copy of said oath.

State of California
County of *Los Angeles*

[X] Subscribed and sworn to before me, and filed in my office,

OR

[ ] Filed in my office, this

_____ day of _____ SEP 0 8 2009 _____ , 20 ___

County Clerk/Deputy    Aida M. Zeitounian

[PLACE OFFICIAL SEAL HERE]

(This Area is for County Clerk's Use Only)

I, _____ Barbara J. Gibbs _____ , do solemnly swear and (or affirm) that I will support and defend the Constitution of the United States and the Constitution of the State of California against all enemies, foreign and domestic; that I will bear true faith and allegiance to the Constitution of the United States and the Constitution of the State of California; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties upon which I am about to enter.

SIGNATURE OF NOTARY _____

The signature must be used by you in signing ALL notarized documents and must match the signature on your Notary Public application.

Barbara J. Gibbs

CHS Inc
20501 Ventura Blvd Ste 170
Woodland Hills  91364

818-522-6480

Pursuant to Government Code section 8213.5, any change of address must be sent to the Secretary of State by certified mail. Changes to the address on this form will NOT update your address with the Secretary of State.

Commission No. **1864186**    for term commencing 09/10/2009 and ending 09/09/2013 in the county of LOS ANGELES.

### FOR PERSONS FILING BY MAIL

State of California
County of _____

Subscribed and sworn to (or affirmed) before me on

this _____ day of _____ , 20 ___

_____
(Signature of Notary Public administering oath of office)

[PLACE NOTARY SEAL HERE]

NOTE: FOR INFORMATION ON THE AMOUNT OF THE FEES FOR FILING AND RECORDING THE OFFICIAL BOND AND OATH, CONTACT YOUR COUNTY CLERK/RECORDER.

[ ] Check here if county transfer. *A county transfer can only be filed after the initial oath and bond have been filed*

Sec/State NP 18 (Rev. 1/05)

PI: 851835

57

EX2

2012-07829
RECORDER JOHN SCIORTINO
POTTAWATTAMIE COUNTY, IA
FILE TIME: 05/31/2012 09:57:58 AM
REC: 5.00AUD: T TAX:
RMA: 1.00ECM: 1.00

This space for Recorder's use

DocID#    26221735137513585

Property Address:
3213 3rd Ave
Council Bluffs, IA 51501-3316
IA0-AM 18446263           3/22/2012

Recording Requested By:
Bank of America
Prepared By:
Bank of America
800-444-4302
1800 Tapo Canyon Road
Simi Valley, CA 93063

When recorded mail to:
CoreLogic
450 E. Boundary St.
Attn: Release Dept.
Chapin, SC 29036

MIN #:  100025500006896268          MERS Phone #:  888-679-6377

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is 1901 E Voorhees Street, Suite C, Danville, IL 61834 does hereby grant, sell, assign, transfer and convey unto BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP whose address is 451 7TH ST SW #B-133, WASHINGTON, DC 20410 all beneficial interest under that certain Mortgage described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage.

Original Lender:          LIBERTY BANK F.S.B., A CORPORATION
Made By:                  JOLENE R ODELL, A SINGLE PERSON
Date of Mortgage:        6/25/2010
Original Loan Amount:    $69,036.00

Recorded in Pottawattamie County,IA  on: 7/7/2010, book N/A, page N/A and instrument number 2010-008984

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on
___MAY 25 2012___

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By: _____
Mercedes Judilla
Assistant Secretary

State of California
County of Ventura

On MAY 25 2012 _____ before me, ___Barbara J. Gibbs_____, Notary Public, personally appeared ___Mercedes Judilla_____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public: ___Barbara J. Gibbs___
My Commission Expires: ___September 9, 2013___

BARBARA J. GIBBS
Commission # 1864166
Notary Public - California
Los Angeles County
My Comm. Expires Sep 9, 2013

58

EX3

Branch :F32,User :W019

Station ID :RT89

Recording Requested By:
Bank of America
Prepared By:  Aida Duenas
450 E. Boundary St.
Chapin, SC 29036
888-603-9011
When recorded mail to:
CoreLogic
450 E. Boundary St.
Attn: Release Dept.
Chapin, SC 29036

DocID#      71312767134614851

Property Address:

5921 S Rimpau Blvd

Los Angeles, CA 90043-2929
CAO-ADT 15268921              8/11/2011

This space for Recorder's use

MIN #: 1000157-0006495203-5      MERS Phone #: 888-679-6377

## ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is 3300 S.W. 34th Avenue, Suite 101 Ocala, FL 34474 does hereby grant, sell, assign, transfer and convey unto THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2006-10, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-10 whose address is 101 BARCLAY ST - 4W, NEW YORK, NY 10286 all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

Original Lender:        MERS, INC., AS NOMINEE FOR AMERICA'S WHOLESALE LENDER
Original Borrower(s):   ROBERT LEE LOCKETT, AND LORRAINE LOCKETT, HUSBAND AND WIFE
                        AS JOINT TENANTS
Original Trustee:       RECONTRUST COMPANY, N.A
Date of Deed of Trust:  3/3/2006
Original Loan Amount:   $595,000.00

Recorded in Los Angeles County, CA on: 3/10/2006, book N/A, page N/A and instrument number 06 0514490

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By: _____
Cynthia Santos, Assistant Secretary

LOS ANGELES, CA  Document:AS 2011.1166262

Printed on:9/25/2012 2:45 PM

59

EX4

Branch :F32,User :W019

Station ID :RT89

State of California
County of Ventura

On __B-25-11__ before me, __BARBARA J. GIBBS__, Notary Public, personally appeared Cynthia Santos, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public: __BARBARA J. GIBBS__            (Seal)
My Commission Expires: __9-9-2013__

BARBARA J. GIBBS
Commission # 1864185
Notary Public - California
Los Angeles County
My Comm. Expires Sep 9, 2013

ATTACHED: ASSIGNMENT OF DEED OF TRUST
BORROWER(S): ROBERT LEE LOCKETT
LORRAINE LOCKETT

Pottawattamie County, Iowa
JOHN SCIORTINO, RECORDER
BK: 2012 PG: 5232
Recorded: 4/12/2012 at 9:30:23.177 AM
Fee Amount: $7.00
Revenue Tax:

This space for Recorder's use

DocID#    15415923624118331

Property Address:
805 N 32nd St
Council Bluffs, IA 51501-0613
IAA-AM 17879261          4/6/2012

Recording Requested By:
Bank of America
Prepared By:
Diana De Avila
888-603-9011
450 E. Boundary St.
Chapin, SC 29036

When recorded mail to:
CoreLogic
450 E. Boundary St.
Attn: Release Dept.
Chapin, SC 29036

MIN #: 1000157-0007861964-6          MERS Phone #: 888-679-6377

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is 1901 E Voorhees Street, Suite C, Danville, IL 61834 does hereby grant, sell, assign, transfer and convey unto BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP whose address is 8609 WESTWOOD CENTER, VIENNA, VA 22183 all beneficial interest under that certain Mortgage described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage.

Original Lender:       AMERICA'S WHOLESALE LENDER
Made By:               LUCINDA M FRANK
Date of Mortgage:      2/23/2007
Original Loan Amount:  $80,500.00

Recorded in Pottawattamie County, IA on: 3/13/2007, book 2007, page 004183 and instrument number 015095

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on
4/6/12

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By: _____
          Beverly Brooks
          Assistant Secretary

State of California
County of Ventura

On 4/6/12 before me, Barbara J. Gibbs , Notary Public, personally appeared Beverly Brooks , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public
My Commission Expires:    September 9, 2013

(Seal)

BARBARA J. GIBBS
Commission # 1864186
Notary Public - California
Los Angeles County
My Comm. Expires Sep 9, 2013

61

EX5